**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Stephen W. Hammond
& Tina M. Hammond,

           Debtors

Chapter 7
Case No. 17-10166

## ORDER ON MOTION TO DISMISS

This joint case was commenced on April 14, 2017 by the filing of a voluntary petition by spouses, Stephen Hammond and Tina Hammond. Mrs. Hammond is not entitled to a discharge under 11 U.S.C. § 727 because she received a discharge under that section in a case commenced less than eight years before April 14, 2017. *See* 11 U.S.C. § 727(a)(8). The United States Trustee ("UST") has requested that the Court dismiss Mrs. Hammond's case because she cannot obtain a discharge. *See* Motion of United States Trustee to Dismiss the Joint Debtor's Chapter 7 Case [Dkt. No. 5 at 3.]

The UST's motion seems to presume that there are two cases, one for Mr. Hammond and one for Mrs. Hammond. In fact, there is only one case, a joint case created by the filing of a single voluntary petition. Dismissal of a chapter 7 case is governed by 11 U.S.C. § 707. The statute refers to the dismissal of a case; it does not refer to the dismissal of a single debtor in a joint case.

At the hearing on the motion to dismiss, the UST characterized the relief sought as a removal of one debtor, rather than dismissal of a case. The UST relied on a combination of 11 U.S.C. § 105(a) and Mrs. Hammond's consent as support for the proposition that the Court is authorized to remove one of the two debtors, leaving the other debtor in a chapter 7 case. The

UST argued that, in a joint case, the existence of two separate estates, *see* 11 U.S.C. § 302(b), justifies the dismissal of one debtor. This argument improperly conflates an "estate" with a "case."

At this juncture, the Court is not persuaded that an individual debtor who cannot receive a discharge under § 727(a) cannot be a debtor in a chapter 7 case. There is no controlling authority on that question, and the cases are divided. *Compare* In re Rogers, No. 08-21487-13, 2009 WL 161625, at *2 (Bankr. D. Kan. Jan. 14, 2009) (noting that nothing in § 727(a) precludes a debtor from becoming a chapter 7 debtor; § 727(a) only precludes the debtor from receiving a discharge under chapter 7), *and* U.S. Trs. Office v. McKittrick (In re McKittrick), 349 B.R. 569, 574 (Bankr. W.D. Wis. 2006) ("§ 727(a)(8) does not even act to deny access to the bankruptcy system, as debtors remain free to file; [debtors] simply may not receive a discharge"), *with* In re Rades, No. 6:10-bk-02736-ABB, 2010 WL 1609726, at *3 (Bankr. M.D. Fla. April 19, 2010) (concluding that a debtor's chapter 7 case was due to be dismissed pursuant to §§ 727(a)(8) and 707(a) when the debtor was barred from receiving a discharge because of his prior discharge).[1] The Court is unwilling to conclude, without the benefit of briefing in a contested matter, that chapter 7 is categorically unavailable to an individual debtor who is not entitled to a discharge.

Despite this, the Court will utilize its authority under 11 U.S.C. § 105(a) to remove Mrs. Hammond as a debtor in this case. This disposition of the UST's motion is based principally on Mrs. Hammond's consent to relief sought by the UST, and the failure of any party in interest to oppose that relief.

---

[1] *See also* Johnson v. Home State Bank, 501 U.S. 78, 87 (1991) (stating, in dicta, that Congress intended § 727(a)(8) as a limitation on serial chapter 7 filings); *but cf.* Branigan v. Bateman (In re Bateman), 515 F.3d 272, 282 (4th Cir. 2008) (quoting 6 *Collier on Bankruptcy* ¶ 727.11[1][a] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007)) ("[D]espite the language in Johnson, *Collier on Bankruptcy* instructs that § 727(a)(8). . .'does not preclude a debtor [who received a discharge in a prior case] from again becoming a debtor within eight years of commencement of the prior case, although no discharge may be granted in the second proceeding.'").

The UST's motion is granted on the following terms:

1. Under 11 U.S.C. § 105(a), Tina Marie Hammond is removed from this joint case as a debtor. The case will proceed as a single case filed by Stephen W. Hammond;

2. The UST is directed to prepare and file a notice indicating the removal of Mrs. Hammond as a debtor, and to serve that notice on all creditors listed in the schedules or the matrix in this case. The notice must also be served on Katahdin Trust Company at the address specified for notice in its filed proof of claim. In addition, a copy of this order must be attached to the notice. Such notice shall be filed and served within three business days after the date of this order; and

3. The removal of Mrs. Hammond as a debtor under this order has the same effect as the dismissal of a single case filed by Mrs. Hammond if she had, in fact, filed a single case. *See* 11 U.S.C. § 349(b); *see also* 11 U.S.C. § 362(c)(2) (providing for the termination of the automatic stay upon dismissal of a case).

Dated: July 11, 2017

Michael A. Fagone
United States Bankruptcy Judge
District of Maine